## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **RYDER TRUCK RENTAL, INC.** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **STATE AUTOMOBILE MUTUAL** | § | **CIVIL ACTION NO.** 1:16-cv-476 |
| **INSURANCE COMPANY AKA STATE** | § | |
| **AUTO INSURANCE COMPANIES** | § | |
| | § | |
| *Defendant* | § | |

### NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES STATE AUTOMOBILE MUTUAL INSURANCE COMPANY (hereinafter "State Auto" or "Defendant"), and pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446(a), files this Notice of Removal of a civil action filed in the 200th Judicial District Court of Travis County, Texas, entitled *Ryder Truck Rental, Inc. v. State Automobile Mutual Insurance Company aka State Auto Insurance Companies*, Cause No. D-1-GN-16-001023, and in support thereof, would respectfully show the Court as follows:

### I.

Plaintiff Ryder Truck Rental, Inc. ("Plaintiff" or "Ryder") filed the above action on March 9, 2016 in state court. The citation and petition were served on State Auto on March 16, 2016. Attached to this Notice as Exhibit 1 is an Appendix/Index of State Court Pleadings. True and correct copies of the state court docket, as well as the petition, citation, and answer, which constitute all process, pleadings, and orders served in the action, are appended to the Appendix/Index of State Court Pleadings as Exhibits A through D. This Notice of Removal is

filed within one year of commencement of this action and within 30 days of Defendant's receipt of the petition and is therefore timely under 28 U.S.C. § 1446(b).

## II.

The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties under 28 U.S.C. § 1332, in that every Defendant is now and was at the time the action commenced diverse in citizenship from Plaintiff. This Court has original jurisdiction as the federal district court for the district and division in which the action is pending, pursuant to 28 U.S.C. § 124(a)(2). Defendant is not and was not at the time the action commenced a citizen of the State of Texas.

Plaintiff's Original Petition, attached hereto as Exhibit B to Exhibit 1, states that Plaintiff is a Delaware corporation with a principal place of business in Florida, and is "licensed to do business in the State of Texas." Ex. B to Ex. 1 at 1. Plaintiff Ryder was at the time the action commenced and is now a citizen of the States of Delaware and Florida and of no other state.

Plaintiff's Original Petition further states that Defendant State Auto "is a corporation existing under the laws of the State of Ohio with **a** place of business [in] Austin, Texas." Ex. B to Ex. 1 at 1 (emphasis added). State Auto was at the time the action commenced and is now a citizen of Ohio, with its place of incorporation and principal place of business in Ohio, and of no other state.

The amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000, as required by 28 U.S.C. § 1332(a). Plaintiff's Original Petition states a claim against Defendant in the amount of $80,164.70. Ex. B to Ex. 1 at 2-4.

### III.

Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in state court and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1332, as Plaintiff and Defendant are diverse in citizenship.

### IV.

Defendant did demand a trial by jury in state court.

WHEREFORE, PREMISES CONSIDERED, Defendant STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, pursuant to 28 U.S.C. §§ 1332 and 1441 and in conformance with the requirements set forth in 28 U.S.C. § 1446, remove this action for trial from the 200th Judicial District Court of Travis County, Texas to this Court. The clerk of the 200th Judicial District Court of Travis County, Texas has been provided with notice of this removal.

Respectfully submitted,

NAMAN HOWELL SMITH & LEE, PLLC

/s/ Charles B. Mitchell, Jr.
CHARLES B. MITCHELL, JR.
State Bar No. 14207000
Federal ID No.: 16627
LINDSAY P. DANIEL
State Bar No. 24082894
405 Fort Worth Club Building
306 West 7th Street
Fort Worth, Texas 76102-4911
Telephone: (817) 509-2040
Facsimile: (817) 509-2060
Email: Charles.mitchell@namanhowell.com
Email: LDaniel@namanhowell.com

**ATTORNEYS FOR DEFENDANT
STATE AUTOMOBILE MUTUAL
INSURANCE COMPANY**

<u>**CERTIFICATE OF SERVICE**</u>

      I certify that on this the 14th day of April, 2016, a true and correct copy of the foregoing has been served upon all counsel of record in this action, in accordance with the Federal Rules of Civil Procedure by ECF Filing, facsimile, and/or certified mail, return receipt requested properly addressed to:

        Macon D. Strother
        The Strother Law Firm
        2990 Richmond Ave., Suite 213
        Houston, TX  77098
        mstrother@strotherlawfirm.com

                                /s/ Charles B. Mitchell, Jr.
                                CHARLES B. MITCHELL, JR.

# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **RYDER TRUCK RENTAL, INC.** | § | |
| | § | |
| *Plaintiff* | § | |
| **v.** | § | |
| | § | |
| **STATE AUTOMOBILE MUTUAL** | § | CIVIL ACTION NO. _____ |
| **INSURANCE COMPANY AKA STATE** | § | |
| **AUTO INSURANCE COMPANIES** | § | |
| | § | |
| *Defendant* | § | |

## APPENDIX/INDEX OF STATE COURT PLEADINGS

## NOTICE OF REMOVAL

| A. | Travis County District Court Civil Docket Sheet and case summary of all pleadings and documents filed in Cause No. D-1-GN-16-001023 | |
|---|---|---|
| B. | Plaintiffs' Original Petition | 3/9/2016 |
| C. | Executed return Citation regarding execution of service on Defendant State Auto Property and Casualty Insurance Company evidencing service on 12/29/14 | 3/16/16 |
| D. | Defendant State Auto Property and Casualty Insurance Company's Original Answer, Special Denials, Special Exceptions, Affirmative Defenses and Jury Demand | 4/8/16 |

# Exhibit A

# District Clerk - AARO - Attorney Access to Records Online

# Details

**Updated : Wednesday, April 13, 2016 5:09:55 AM**

Request Documents (/aaro/Content/record_search_

New Search (/aaro/)

**Cause Number**
D-1-GN-16-001023
**Style**
RYDER TRUCK V STATE AUTOMOBILE
**Filed Date**
3/9/2016
**Court**
200
**Type**
BREACH OF CONTRACT (GEN LIT )
**Case Status**
PENDING
**Action/Offense**
**Hearing Date**

| Attorney | Type | Party - Full/Business | Party - Person |
|---|---|---|---|
| MITCHELL CHARLES BENNETT | DEFENDANT | STATE AUTOMOBILE MUTUAL INSURANCE COMPANY | |
| STROTHER MACON D | PLAINTIFF | RYDER TRUCK RENTAL INC | |

| Date | Court | Party | Description | Category | Pages | |
|---|---|---|---|---|---|---|
| 4/8/2016 | 200 | DF | ORIGINAL ANSWER | ANS-RESP | 3 | Download (/aaro/Default/GetPdf?barCodeId=4526857) |
| 3/23/2016 | 200 | DF | EXECUTED SERVICE | SRVPROCESS | 2 | Download (/aaro/Default/GetPdf?barCodeId=4497689) |
| 3/10/2016 | 200 | DF | ISS:CITATION | ISSUANCE | 0 | PDF not available |
| 3/9/2016 | 200 | PL | EXPEDITE ORIG PET RULE 169 | PET-PL | 16 | Download (/aaro/Default/GetPdf?barCodeId=4477491) |

Request Documents (/aaro/Content/record_search_fillable.pdf)

New Search (/aaro/)

© 2016 Travis County, Texas - All rights reserved.

# Exhibit B

3/9/2016 10:11:07 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-16-001023
Marco Rubio

CAUSE NO. D-1-GN-16-001023

| | | |
|---|---|---|
| RYDER TRUCK RENTAL, INC. | § | IN THE DISTRICT COURT AT LAW |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | OF TRAVIS COUNTY, TEXAS |
| | § | |
| STATE AUTOMOBILE MUTUAL | § | |
| INSURANCE COMPANY AKA STATE | § | |
| AUTO INSURANCE COMPANIES | § | |
| | § | |
| DEFENDANT. | § | 200th JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Truck Rental, Inc. ("Plaintiff"), files its Original Petition against State Automobile Mutual Insurance Company aka State Auto Insurance Companies (hereinafter referred to as "Defendant"):

1.    Discovery is intended to be conducted as a Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

## PARTIES

2.    Plaintiff is a corporation duly existing under the laws of the State of Delaware with a principal place of business at 11690 Northwest 105th Street, Miami, Florida 33178.  Plaintiff is licensed to do business in the State of Texas.

3.    Defendant is a corporation, organized and existing under the laws of the State of Ohio, with a place of business at 5918 West Courtyard Drive, Suite 100, Austin, Texas 78730.

## CAUSES OF ACTION

4.    Plaintiff incorporates by reference all facts stated above. Plaintiff entered into Truck Rental Agreement ("Rental Agreement") with Venture Logistics, Inc. ("Venture") pursuant to which

1

Plaintiff rented Venture a certain vehicle.  A true and correct copy of the Rental Agreement is attached as **Exhibit A** and incorporated by reference.

5.      Pursuant to the Rental Agreement, Venture entered into certain agreements with Defendant to obtain and have bound proper insurance coverage for the vehicles rented from Plaintiff. Such coverage was to include automobile physical damage insurance coverage for the vehicle. Plaintiff is an additional loss payee under Venture's insurance policy with Defendant. A true and correct copy of the Certificate of Liability Insurance ("COI") is attached hereto as **Exhibit B** and incorporated by reference.

6.      On or about May 23, 2014, Plaintiff's vehicle number 449161, rented by Venture, was involved in an accident wherein the vehicle was damaged. Plaintiff filed a claim for the payment of damages to the vehicle to Defendant in the amount of $80,164.70.

7.      Defendant failed and refused to pay the claim for damage to Venture's vehicle as required by the COI.

8.      Despite demands by Plaintiff upon Defendant for payment, Defendant refused, continues to refuse and has failed to pay the amounts owed.  Plaintiff has been damaged in the amount of $80,164.70, plus interest thereon, as shown in the itemized and verified Statement of Account, which is attached as **Exhibit C** and incorporated by reference.

9.      Plaintiff has applied all just and lawful offsets, payments and credits, if any, to Defendant' account and amount owing.

10.     Plaintiff has been required to retain the services of an attorney to commence this action and is entitled to attorney's fees and costs.

2

## BREACH OF INSURANCE CONTRACT

11.     Plaintiff incorporates by reference all facts stated above.  There is a valid and existing insurance contract between Plaintiff, as additional loss payee, and Defendant, as insurer.

12.     Plaintiff performed under the contract. Defendant breached the contract by refusing to properly compensate Plaintiff. Defendant failed to pay and therefore breached the agreement, and Plaintiff has suffered damages in the amount of $80,164.70.

## BREACH OF IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING

13.     Plaintiff incorporates by reference all facts stated above. There is implied in every contract a covenant of good faith and fair dealing.

14.     Plaintiff and Defendant entered into a valid and existing insurance agreement.

15.     Defendant owed Plaintiff a duty of good faith and fair dealing.

16.     Defendant breached its duty of good faith and fair dealing by refusing to properly compensate Plaintiff. Such conduct on the part of Defendant was willful, wanton, malicious, wrongful and otherwise in disregard to Plaintiff's rights.

17.     As a direct and proximate result of the breach of implied covenant of good faith and fair dealing by Defendant, Plaintiff has suffered damages in the amount of $80,164.70.

## CONDITIONS PRECEDENT

18.     Pursuant to Rule 54 of the TEXAS RULES OF CIVIL PROCEDURE, all conditions precedent to Plaintiff's recovery and other relief requested herein have been performed or have occurred.

## ATTORNEY'S FEES

19.     By reason of the foregoing, Plaintiff has been compelled to employ the services of the undersigned counsel and firm and has agreed to reasonable fees for their services.  Plaintiff is entitled to a judgment for said attorney's fees and, in this respect, alleges its compliance with all other prerequisites established by law.  Additionally, this case is based in whole or in part upon an oral  or  written  contract,  sworn  account  and  for  services  rendered.   Under TEX.CIV.PRAC&REM.CODE '38.001, Plaintiff seeks to recover its reasonable attorney's fees from Defendant and attorney's fees for all necessary appeals to other courts.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays Defendant, be cited to appear and file answer, and that on final hearing Plaintiff has judgment of and from Defendant in the amount of $80,164.70, together with interest thereon at the maximum rate allowed by law, reasonable attorney's fees including but not limited to attorney's fees for an appeal to the Court of Civil Appeals and the Texas Supreme Court, costs of court, and such other and further relief to which Plaintiff may show itself to be justly entitled.

Dated: 3/8/16

Respectfully submitted,

THE STROTHER LAW FIRM

/s/ Macon D. Strother

MACON D. STROTHER
State Bar No. 19420000
2990 Richmond Ave., Suite 213
Houston, Texas  77098
(713) 557-9238 (Telephone)
mstrother@strotherlawfirm.com
ATTORNEY FOR PLAINTIFF

4

OF COUNSEL:
John T. Siegler
ASK, LLP
2600 Eagan Woods Dr., Suite 400
Eagan, MN  55121
Telephone: 651-406-9665
Telecopier: 651-406-9676

# EXHIBIT A

**Ryder**

CUSTOMER REFERENCE NUMBER: 0768200326566
RENTAL AGREEMENT NUMBER  : 1677574          CLIENT ACCOUNT NUMBER: 282868

| Rental Location/Contact Information | Hours of Operation and additional information |
|---|---|
| **Ryder Truck Rental and Leasing**<br>1220 POLK AVENUE<br>NASHVILLE, TENNESSEE, 37210<br>Phone Number : 6152541969<br>Sales Rep    : Christopher Rittenhour<br>Area Manager : PHILLIP MOIX<br>Phillip_Moix@ryder.com | Mon – Fri : 8:00 AM-5:00 PM<br>Saturday   : 8:00 AM-12:00 AM<br>Sunday     : Closed<br>24/7 Roadside Assistance: 866-477-0436<br>Customer Service    : 1-800-947-9337 |

```
**                            **   --------------------
**          WITH FUEL  FUEL 14 **   ACTIVITY DATE : 05/21/14
**                            **   CUST REF #: 0768200326566
**                            **   VEHICLE NO:     449161
*******************************************

CUSTOMER INFORMATION    DRIVER INFORMATION.    DATE/TIME/MILEAGE INFO:
-------------------     ------------------     --------------------
VENTURE LOGISTICS INC                          DUE: 05/26/14   06:00
1101 HARDING CT                                OUT: 05/21/14   17:28
INDIANAPOLIS, IN
      46217-9531                               ODOM OUT:  2 2 5 4 4 4
3177071107
CONTACT:  ACCOUNTS PAYABLE
P.O. No.: TW-2920        Ord By: TYLER DISICO/PAT
**********************************************************
VEHICLE DESCRIPTION:    RATES AND CHARGES: *** WITH FUEL ***   TOTAL AMT
-------------------     ------------------                     ---------
TACS PREMIUM/CONDO      Daily Rental        @ $  136.05/D =$         *
INTL PRO LF687          Weekly Rental       @ $  684.75/W =$         *
License #: C6595HY      Mileage Rate        @ $  0.1100/M =$         *
State: TN               Sub-Total Rental                 =$
GCM/GVW:80000 lbs       Emission Fee        @ $   6.00/D =$          *
                        (*)Sales Tax @ 9.25%             =$
** Special Rate: No Other Discounts Apply **  TOTAL RENTAL CHARGES  =$    0.00
                        Waste Dsp-Supplies    $  49.00 =$           *
```

```
Name : Tiny WRIGHT
DL # : 0713 46 382
State: TN
Expiration: 10-9-2014
S.S. #: 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
DOB : 10-8-55
```

• LIABILITY PROTECTION - Customer elects to provide Liability Protection as specified in Paragraph 9.B. of this Agreement. (READ PARA. 9.B.)

• Ryder is required by law to report the miles/bus operated and fuel purchased in each State (Province) for this rental vehicle. You agree to submit to Ryder when you return this rental vehicle (1) trip records for all miles/bus operated and (11) fuel tickets for all fuel purchased. You agree to pay Ryder a surcharge of $00.3000 per mile/km (or each mile/km you fail to properly report.

• This Lessor cooperates with all federal, state, and local law enforcement officials nationwide to provide the identity of Customers who operate this rental vehicle.

• The vehicle shall not be operated by anyone other than the Customer, the Customer's employees, or Customer's employer. All driver's must be safely checked by Ryder before operating the Vehicle. If Customer changes drivers during rental period, the Customer must arrange for Ryder to safety check the new driver before the new driver is permitted to operate the Vehicle. The vehicle shall be used by the Customer only in the normal course of its business, and Customer as driver of the Vehicle shall in no event be at be deemed the agent, servant or employee of Ryder in any manner or for any purpose what so ever.

• Customer is totally responsible for all loss or damage to the Vehicle. (Read Para. 9 & 11)

• I have read, understand and hereby agree to the terms and conditions on both side of this Agreement, and I agree to pay the charges for the options I have selected.

• Customer acknowledges that the Vehicle(s) contain technology that is compliant with 2007 or 2010 milestone standards. Ryder has provided Customer with the required documentation concerning the periodic regeneration required in accordance with manufacturer's requirements. When a light requiring regeneration required is illuminated,

Cargo Contents    : FREIGHT              Correction# : 00
Manual Reference Number : 0
USDOT Number    : 911759       Intrastate - No Hazardous Material

Additional Terms and Conditions on Other Side – Please Read Carefully
*Thank you for doing business with Ryder!*

## Additional Terms and Conditions of Rental Agreement ("Agreement")

Ryder Truck Rental, Inc. d/b/a Ryder Transportation Services ("Ryder") hereby rents to the customer executing this Agreement ("Customer") the truck and other rental property and accessories listed on the other side of this Agreement (collectively the "Vehicle"). If the terms on the other side of this Agreement conflict with the terms set forth below, those contained on the other side shall govern (only to the extent of such conflict). A COPY OF THIS AGREEMENT MUST BE CARRIED IN THE VEHICLE AT ALL TIMES DURING THE RENTAL.

Ryder may use its customer data for mailings by Ryder, its business partners, and other parties. In addition, Ryder may rent, sell, or exchange such data for marketing purposes. If you do not wish to receive such mailings or solicitations, please write to: Ryder, P.O. Box 020816, Miami, Florida 33102-0816.

1. VEHICLE CONDITION: Customer acknowledges that it has inspected the Vehicle and, except as expressly noted on the Vehicle Damage Description and Safe Driving Tips form or any other supplemental Ryder form attached (which are incorporated by reference into this Agreement), Customer acknowledges and agrees that the Vehicle is in good and usable condition with no apparent defects, and fit for Customer's rental purpose. RYDER MAKES NO EXPRESS OR IMPLIED WARRANTY OR GUARANTY AS TO ANY MATTER WHATSOEVER, INCLUDING, WITHOUT LIMITATION, THE CONDITION OF THE VEHICLE, OR THE VEHICLE'S MERCHANTABILITY OR FITNESS FOR ANY PARTICULAR PURPOSE. RYDER SHALL NOT BE LIABLE TO CUSTOMER OR ANY THIRD PARTY FOR ANY INCIDENTAL OR CONSEQUENTIAL DAMAGES FOR ANY REASON WHATSOEVER.

2. PROHIBITED USE OF VEHICLE: Customer will NOT use or permit the Vehicle to be used: (i) in violation of any Federal, state, or local law, ordinance, or regulation; (ii) to push or tow anything with a gross weight (empty weight of towing device plus weight of load on towing device) in excess of the maximum towable weight shown on the Ryder Vehicle; (iii) or driven by anyone other than (a) the driver listed on the other side, and/or (b) his/her regular fellow employees, employer, or business partner on a business rental unless Customer elects at the start of the rental, and pays for (where applicable), the Additional Drivers Option, in which event any properly licensed and qualified driver may drive the Vehicle (ALL DRIVERS MUST BE PROPERLY LICENSED AND QUALIFIED, 18 YEARS OF AGE OR OLDER, AND HAVE CUSTOMER'S PRIOR EXPLICIT WRITTEN OR VERBAL PERMISSION TO DRIVE THE VEHICLE.); (iv) off an improved road or other paved surface, in a reckless or abusive manner, in excess of applicable speed limits, or while the driver is under the influence of alcohol or a controlled substance; (v) to transport any car, truck, animal, or human being inside the cargo section of the Vehicle; (vi) to transport any passengers or animals, except as required in the normal and ordinary course of business; (vii) to transport persons for hire or for the illegal transportation of any intoxicating liquor, cigarettes, a controlled substance, or other contraband; (viii) to haul any load that would make the Vehicle exceed the gross vehicle weight (empty weight of the Vehicle plus the weight of load) shown on the Ryder Vehicle or on the other side of this Agreement, nor with any load improperly packed or secured; (ix) in any area of strike, labor or civil disruption or violence, or natural disaster; (x) in or taken into Mexico or anywhere else outside of the United States ("U.S.") or Canada; and/or (xi) TO STORE, TREAT, TRANSPORT, OR DISPOSE OF ANY REGULATED, TOXIC, OR HAZARDOUS SUBSTANCE OR WASTE (INCLUDING, WITHOUT LIMITATION, CORROSIVE, INFECTIOUS, POISONOUS, FLAMMABLE, EXPLOSIVE, OR RADIOACTIVE SUBSTANCES AND MEDICAL WASTE) AS DEFINED IN ANY LAW.

3. CHARGES: Customer will pay all charges due Ryder on demand in U.S. currency or by Ryder accepted credit card or other form of payment acceptable to Ryder. Any Customer deposit will be applied to, and guarantee, Customer's complete performance of its obligations under this Agreement. Ryder may charge any amounts due Ryder against any credit card used in connection with the rental. Customer will be charged a fee for any check used for payment of charges that is returned to Ryder unpaid for any reason whatsoever. Customer will pay the full charge for each full or partial rental day. The Daily Rental Rate or Flat Rate, if any, set forth on the other side of this Agreement is the minimum charge and may be charged for a rental period of less than 24 hours.

4. LIEN ON CUSTOMER'S PROPERTY: Ryder will have a lien on all of the Customer's property transported in the Vehicle or any trailer attached to the Vehicle for all charges and expenses incurred, including those related to damage to the Vehicle. If Customer does not pay all charges when due, Ryder may, at its option, sell at public or private sale, without further notice to Customer, all such property to satisfy these charges and all costs associated with this sale consistent with applicable law.

5. LIABILITY PROTECTION

A. RYDER LIABILITY PROTECTION: Unless (i) Customer declines liability protection or (ii) Customer elects higher limits of liability as indicated on the other side and the other side of this Agreement is so endorsed, the Vehicle is covered by an automobile liability insurance policy, Old Republic Insurance Company Policy No. TB15273 or any successor or replacement policy therefor (Liability Protection Plan) which covers Customer against bodily injury and property damage claims by others, and such Liability Protection Plan is primary. Unless (i) Customer declines liability protection or (ii) Customer elects higher limits of liability protection as indicated on the other side and the other side of this Agreement is so endorsed, Old Republic Insurance Company Policy No. TB 15273 or any successor or replacement policy therefor is the only automobile liability coverage extended to the Customer under this Agreement and the limits of liability to be furnished to Customer pursuant to this agreement are as follows: (i) For any Vehicle other than a Tractor (as defined below), the split limits of liability are $10,000 for each person injured, subject to a limit of $20,000 from all injuries resulting from one accident, and a limit of $5,000 for damages to property resulting from any one accident, unless the limits required by an applicable compulsory or financial responsibility law of the state/province in which the accident occurs are higher in which case such higher limits may apply. For example, in California, Vehicle Code Section 16451 requires the split limits of liability are $15,000/$30,000, (ii) For a truck type tractor equipped with a fifth wheel (Tractor), the split limits of liability are $250,000 for each person injured, subject to the limit of $500,000 from all injuries resulting from any one accident, and a limit of $100,000 for damages to property resulting from one accident, unless the limits required by a compulsory or financial responsibility law of the state/province in which the accident occurs are higher, in which case such higher limits will apply. A copy of the Liability Protection Plan is available for inspection at Ryder's main offices. Customer agrees to comply with and be bound by all of the terms, conditions, limitations and restrictions of the Liability Protection Plan (even those that are not specifically mentioned in this Agreement), and such terms, conditions, limitations and restrictions are incorporated by reference into this Agreement.

If, at the start of the rental, Customer elects higher limits of liability protection (where available), which provides higher limits of liability protection than those indicated in Paragraph 5A, above, and the other side of this Agreement is so endorsed, then those higher limits will be applicable and Customer agrees to pay the additional rate shown therefor. In such event, all coverage and limits of liability will be solely and entirely extended under a separate and different automobile liability insurance policy, Old Republic Insurance Company Policy No. Z35728 or any successor or replacement policy therefor.

If Customer elects a deductible amount per accident under the Liability Protection Plan or any other plan with higher limits, if elected, (OPTION AVAILABLE ONLY TO COMMERCIAL CUSTOMERS AND NOT AVAILABLE AT ALL RYDER LOCATIONS), and the other side of this Agreement is so endorsed, Customer will be responsible for such amount in the event of an accident. Customer agrees that Ryder and/or Ryder's insurance carriers, at their option, will have the sole right to conduct accident investigations and administer claims handling and settlements, and in such event Customer will adhere to and accept Ryder and/or Ryder's insurance carriers conclusions and decisions. Customer agrees to release, indemnify and hold Ryder and Ryder's insurance carriers harmless from and against any and all expense (including without limitation court costs, attorneys fees and expert witness fees), damages and/or liability arising out of the use or operation of the Vehicle (EVEN IF DUE TO RYDERS FAULT OR NEGLIGENCE) which are (i) in excess of the limits of liability described in Paragraph 5A, (ii) excluded from coverage under the Liability Protection Plan or any other liability plan with higher limits, if elected, and/or (iii) not otherwise covered under the Liability Protection Plan or other liability plan with higher limits, if elected.

The Liability Protection Plan or other liability plan with higher limits, if elected, does NOT apply: (i) if the Vehicle is obtained, used or operated in violation of any provision of this Agreement, (ii) to loss or damage to property, whether or not owned by Customer, in the Vehicle, or for any reason in Customer's care, custody or control, (iii) To any injuries of any nature whatsoever to Customer, Customer's agents, employees, guests, family members of Customer's household or other occupants of the Vehicle, (iv) To any tow dolly, car carrier or trailer if not rented from Ryder or if not attached to a Ryder Vehicle, and/or (v) for punitive, exemplary, incidental or consequential damages, fines or penalties.

Customer waives and is not provided with uninsured or underinsured motorist coverage, personal injury protection coverage, medical payment coverage, and/or supplementary no fault coverage. If any such coverage cannot be waived or excluded under the law of the state/province in which the accident occurs, or if such waiver or exclusion is otherwise unenforceable, such coverage will only be provided under the Liability Protection Plan or other liability plan with higher limits, if elected, to the extent and with the minimum limits required by the law of that state/province.

B. CUSTOMER LIABILITY INSURANCE: If Customer elects to provide liability insurance and this Agreement is so endorsed (OPTION AVAILABLE ONLY TO COMMERCIAL CUSTOMERS AND NOT AVAILABLE AT ALL RYDER LOCATIONS), Customer agrees to insure the Vehicle with a standard form automobile liability insurance policy, with Ryder named as an additional insured, covering all risks of loss or damage to persons or property, arising out of the ownership, maintenance, use, or operation of the Vehicle during the rental, regardless of fault. The limits of this insurance will not be less than $1,000,000 for all bodily injury and property damage arising from any one accident or such higher limits as Ryder may require. Customer agrees to provide Ryder with a certificate of insurance, evidencing the required coverage and limits of liability before using the Vehicle. Customer agrees to release, indemnify, and hold Ryder and Ryder's insurance carriers harmless from and against any and all expenses (including without limitation court costs, attorney fees, and expert witness fees), damages, and/or liability arising out of the ownership, maintenance, use, or operation of the Vehicle (EVEN IF DUE TO RYDER'S FAULT OR NEGLIGENCE) which are (i) in excess of the limits of liability under Customer's liability insurance, (ii) excluded from coverage under Customer's liability insurance, or (iii) not otherwise covered under Customer's liability insurance. If any applicable state/province law requires Ryder or its insurance carriers to extend liability insurance coverage, then notwithstanding Customer's election to provide such liability insurance, such coverage extended by Ryder or its insurance carrier will be limited to the statutory compulsory or financial responsibility minimum limits and will be excess over (i) that insurance Customer or Customer's insurance carriers has agreed to provide, and (ii) any other insurance coverage that any insurance carrier (other than Ryder's insurance carriers) furnishes. Customer acknowledges that the rental rate given to Customer is partly a function of Customer's provision of such insurance with complete coverage of and indemnification of Ryder.

C. TRUCK LEASE AND SERVICE AGREEMENT: If Customer is also a lessee pursuant to a Ryder Truck Lease and Service Agreement ("TLSA") and such TLSA designates Customer as the party responsible for providing and maintaining the liability insurance for the vehicle(s) leased thereunder, then that liability insurance will also extend to and cover the Vehicle(s) rented under this Agreement and the terms of the TLSA with respect to liability insurance will supersede and control over any contrary term in this Agreement. In all other respects the terms and conditions of this Agreement shall apply. Customer must furnish Ryder with proof of its liability insurance before Ryder will deliver the Vehicle to Customer.

6. THEFT AND DAMAGE TO VEHICLE: Unless Customer elects, at the start of the rental, Physical Damage Waiver ("PDW") or a Limited Damage Waiver ("LDW") on this Agreement, Customer is totally responsible for all loss (including theft) and/or damage, including road hazard damage, to the Vehicle, irrespective of any fault on the Customer's part. Ryder agrees to waive Customer's liability for theft of and/or physical damage to the Vehicle to the extent set forth on the other side of this Agreement if (i) Customer accepts and pays the charge for PDW or a LDW (where available), and (ii) CUSTOMER IS NOT IN VIOLATION OF ANY PROVISION OF THIS AGREEMENT. Notwithstanding the election of PDW or a LDW, Customer is totally responsible for all loss or damage to the Vehicle due to a violation of any provision of this Agreement. PDW AND LDW ARE NOT INSURANCE AND ARE OPTIONAL. If Customer does not elect, at the start of the rental, PDW or LDW, Customer shall furnish Ryder with evidence of Physical Damage Insurance covering the Vehicle for loss or damage with Ryder endorsed as loss payee. Customer must immediately report any accident, loss, or theft of the Vehicle to the nearest Ryder District Office and will promptly (within 24 hours) complete a Ryder Accident Report form and provide Ryder with a detailed inventory of all cargo that was in the Vehicle.

7. GLASS DAMAGE PROTECTION: Unless Customer elects at the start of the rental, Glass Damage Waiver("GDW"), PDW, or LDW on this Agreement, Customer is totally responsible for all loss and/or damage to the windshield and windows of the Vehicle(s) (collectively referred to as the "Glass") irrespective of any fault on the Customer's part. Ryder agrees to waive Customer's liability for damage to the Glass to the extent set forth on this Agreement if (i) Customer accepts and pays the charge for the GDW, the PDW, or the LDW and (ii) CUSTOMER IS NOT IN VIOLATION OF THE AGREEMENT. Notwithstanding the election of GDW, PDW, or LDW, Customer is totally responsible for all loss and/or damage to the Glass due to a violation of any provision of this Agreement. GDW IS NOT INSURANCE AND IS OPTIONAL.

8. DAMAGE RESPONSIBILITY: When Customer is responsible for loss or damage to the Vehicle under this Agreement, including responsibility for a deductible under Paragraph 5 or 6, Customer will have the option of either (i) paying Ryder for the estimated costs of repairs for loss or damage plus an administrative mark-up, or (ii) paying Ryder the actual repair costs, plus a reasonable administrative mark-up, plus the loss of use of the Vehicle until Vehicle is repaired and returned to service (such period not to exceed a commercially reasonable time or a maximum of 30 days), which shall be billed to Customer at the agreed upon rental rate. After receiving notice from Ryder regarding Customer's option as listed above, if Customer does not make an election within 7 days, option (i) will apply. Ryder will obtain a third party vendor estimate for any major damage. If Customer returns a Vehicle outside of normal business hours, Customer shall remain responsible for loss or damage to that Vehicle until the receiving Ryder location opens on the next business day and has a reasonable opportunity to inspect the Vehicle for damage. In the event of a theft of the Vehicle or a total loss, Customer shall pay Ryder the greater of: (a) the Vehicle's retail fair market value; or (b) Ryder's book value for the Vehicle.

9. PERSONAL ACCIDENT AND CARGO RESPONSIBILITY: Customer agrees that Ryder will have absolutely no liability whatsoever and agrees to release, indemnify, and hold Ryder harmless for any and all (i) loss or damage to Customer's cargo or other property owned by or in the possession of Customer, EVEN WHEN THE LOSS OR DAMAGE WAS DUE TO RYDERS FAULT OR NEGLIGENCE and Customer assumes all such risk of loss or damage, and (ii) claims, damages, or losses arising from injuries of any nature whatsoever, or death of Customer, Customers agents, employees, guests, family, members of Customers family, or other occupants of the Vehicle EVEN WHEN SUCH DEATH OR INJURY WAS DUE TO RYDERS FAULT OR NEGLIGENCE, and Customer assumes all such risk and liability.

10. RETURN OF THE VEHICLE BY CUSTOMER: Customer will return the Vehicle and all accessory items in the same good condition as received, on the due date, and at the time specified on this Agreement, or upon Ryder's demand, to the location from which the Vehicle was delivered to Customer unless a different place of return is specified on this Agreement (the "Destination Location"). Unless the Agreement is terminated by Ryder, the term of this Agreement shall continue until Customer returns the Vehicle to Ryder in accordance with this Paragraph 10. In addition to all other charges due and remedies available to Ryder under this Agreement, CUSTOMER WILL BE LIABLE FOR A LATE CHARGE IF THE VEHICLE IS NOT RETURNED BY THE DUE DATE AND TIME SPECIFIED ON THE OTHER SIDE OF THIS AGREEMENT. A CLEANING SERVICE CHARGE MAY APPLY IF THE VEHICLE IS NOT RETURNED CLEAN. If no due date and time for returning the Vehicle are specified, Customer will return the Vehicle upon demand or within seven (7) days of the date that it was rented, whichever occurs first. If Customer does not return the Vehicle within three (3) days after the due date and time specified for its return or upon Ryder's demand, or if information provided to Ryder by Customer is false, Ryder may consider the Vehicle stolen and pursue all appropriate legal action, both criminal and civil, to recover the Vehicle. CUSTOMER AGREES NOT TO SUBLEASE OR RELET THE VEHICLE, WHICH CUSTOMER ACKNOWLEDGES IS OWNED BY RYDER, OR ASSIGNS THIS AGREEMENT, AND ANY ATTEMPT TO DO ANY OF THE FOREGOING SHALL BE NULL AND VOID AND CONSTITUTE A MATERIAL BREACH OF THIS AGREEMENT. Neither Customer nor any driver of the Vehicle are, or shall in any event be or be deemed to be, the agent, representative, servant, or employee of Ryder in any manner or for any purpose whatsoever.

11. BREACH OF THIS AGREEMENT: In the event Customer breaches or is in default of any obligation in this Agreement, or if the Vehicle is overdue, illegally parked, or apparently abandoned, or if any information Customer provides to Ryder is false, Ryder may, without prior notice or demand to Customer, recover the Vehicle wherever it is located and immediately terminate this Agreement without prejudice to any of Ryder's rights or other remedies available under this Agreement or any law. Ryder will be entitled to recover from Customer all reasonable costs, expenses, and attorneys fees incurred by Ryder to repossess any Vehicle and/or enforce the terms of this Agreement.

12. MAINTENANCE RESPONSIBILITY AND INSPECTION RIGHTS: Customer shall conduct pre and post inspections of the Vehicle, complete required reports, and promptly notify Ryder of any Vehicle condition issues. Ryder will not be liable for any FMCSA violations or other citations for which Ryder was not provided notice.

Customer agrees to be responsible and pay for all mechanical damage to the Vehicle caused by: (i) Customer's breach of any provision of this Agreement; (ii) Customer's failure to maintain adequate oil, fluids, coolants, and water levels in the engine; and/or (iii) Customers neglect of any necessary servicing or maintenance of the Vehicle during the rental period. Customer will not perform, and Ryder will not be responsible for, any service, repairs, or other maintenance to the Vehicle during the rental period unless Ryder gives prior written authorization for such work. Ryder may inspect the Vehicle at any time wherever it is located.

The engine in the Vehicle is compliant with EPA Engine Emissions Standards and in accordance with the owner's manual may require Diesel Exhaust Fluid or a similar additive (DEF). All charges for DEF are Customer's responsibility and, if provided by Ryder, will be billed in addition to all other charges at Ryder's then-current rate. Failure to maintain required tank levels or adding non DEF fluids to this tank may cause Vehicle derate or system damage. Any failure to maintain required proper DEF fluid level is driver abuse and Customer is responsible for all mechanical damage resulting from such failure.

The Vehicle(s) contains technology that is compliant with 2007 or 2010 emissions standards. Customer acknowledges that Ryder has provided Customer with instructions concerning the periodic regeneration of the Diesel Particulate Filter (DPF) that must be performed in accordance with manufacturer's requirements. Instructions for DPF regeneration are also located on the backside of the driver's side sunvisor. It is Customer's sole responsibility to properly and timely perform the regeneration. Any failure to perform DPF regeneration is driver abuse and Customer is responsible for all costs necessary to repair and tow the Vehicle as well as any other mechanical damages resulting from such failure.

13. TAXES, FEES, PERMITS, TICKETS, AND FINES: Customer agrees to be responsible and pay for any taxes, special licenses, permits, fees, or tolls required by Customer's use and operation of the Vehicle and also agrees to file or assist Ryder in filing any and all returns or reports required, if any, by any agency or government body as a result of Customers use and operation of the Vehicle. In addition, Customer will promptly pay for all tickets, fines, and penalties, including forfeiture or seizure resulting from the use and operation of the Vehicle. RYDER COOPERATES WITH ALL FEDERAL, STATE, AND LOCAL LAW ENFORCEMENT OFFICIALS NATIONWIDE TO PROVIDE THE IDENTITY OF CUSTOMERS WHO OPERATE THIS VEHICLE.

14. FUEL: RENTAL RATES DO NOT INCLUDE THE COST OF FUEL. THE VEHICLE WILL HAVE A FULL FUEL TANK UPON COMMENCEMENT OF THE RENTAL. CUSTOMER IS RESPONSIBLE FOR ALL FUEL DURING THE COURSE OF THE RENTAL. All fuel used in the Vehicle shall be of a type and grade that meets all manufacturers' recommendations and the requirements of applicable law. Customer must return the Vehicle with a full fuel tank if the Destination Location does not provide fuel or offer optional refueling service. If the Destination Location provides fuel, Customer may fill up the fuel tank at Customer's expense at the Destination Location or at any fuel retailer of Customer's choice. If the Destination Location offers optional refueling service and Customer elects not to refill the fuel tank prior to return, Customer will pay a refueling service charge (a) calculated by multiplying the rate per gallon by the number of gallons required to refill the fuel tank determined either by actual refueling or by reading the factory installed fuel gauge, and/or (b) calculated as a flat charge. Fuel or optional refueling service is not available at all locations and the charges will vary by location. Refueling service charges are generally higher than retail fuel prices at fuel retailers such as service stations. Customer agrees to contact the Destination Location to verify availability of and charges for fuel or optional refueling service before returning the Vehicle.

15. TELEMATIC DEVICE: Each Vehicle may contain a telematic device consisting of a transceiver box, antenna and other related equipment and hardware (collectively "Device"). You agree not to tamper with or disable the Device without the express written consent of Ryder. You shall be responsible for any loss of or damage to the Device at full replacement cost. The Device, all related software and all data collected from the Device shall at all times remain the property of Ryder. The Device may be removed by Ryder at any time or upon termination of this agreement. If Ryder offers and Customer accepts telematic service, Customer shall be subject to the RydeSmart General Terms and Conditions found at www.rydesmart.ryder.com (incorporated herein by reference).

16. COMPLIANCE: Any Vehicle domiciled or rented from a Ryder Location outside of the State of California may not be compliant with all California Air Resources Board requirements. If Customer intends to operate the Vehicle within the State of California, Customer is solely responsible for compliance with all laws and regulations within the State of California. If Customer intends to operate the Vehicle in the State of California, please contact a Ryder employee for assistance or with any questions.

17. MISCELLANEOUS: If a court rules that any one or more provisions, or part thereof, in this Agreement are illegal, invalid, or unenforceable, the remainder of that provision and all other provisions in this Agreement will remain binding, effective and fully enforceable. This Agreement contains the entire agreement between the parties and may be altered only by written amendment signed by both parties. Notwithstanding the foregoing sentence, this Agreement shall govern and control over any Purchase Order or other document issued by Customer in connection with the rental. Ryder will not be liable to Customer if Ryder is prevented from performing under this Agreement by any present or future cause beyond Ryder's control. These causes include, but are not limited to, Acts of God, national emergencies, wars, riots, fires, labor disputes, federal, state, or local laws, rules or regulations. Even if Ryder is unable to perform, Customers obligations under this Agreement will continue. If Ryder delays or fails to exercise any of its rights under this Agreement, or if Ryder partially exercises any right, Ryder will not have thereby waived any of its rights. By failing to declare an act of default, Ryder does not waive that default. Ryder may act on that default at any time. NO PROTECTION OF ANY KIND (INCLUDING PDW, LDW, LIABILITY PROTECTION, SUPPLEMENTAL LIABILITY PROTECTION), WILL BE EFFECTIVE IF THE CUSTOMER (A) CONVERTS THE VEHICLE BY FAILING TO RETURN IT FOR ANY REASON WHEN DUE, AND/OR (B) OTHERWISE IS IN VIOLATION OF THIS AGREEMENT, TO THE EXTENT PERMITTED BY APPLICABLE LAW.

# EXHIBIT B

MAY-06-2014 10:46   From:5137726109                                    Page:2/2

Date: 5/6/2014   Time: 10:40 AM   To: 5137726109   M J Insurance   317-805-7500 Page: 02

| Client#: 7475 | VENTLOG |
|---|---|

## ACORD. CERTIFICATE OF LIABILITY INSURANCE

DATE (MM/DD/YYYY)
5/05/2014

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: Marty Prevost |
|---|---|
| MJ Insurance, Inc. PO Box 50435 Indianapolis, IN 46250-0435 317 805-7500 | PHONE (A/C, No, Ext): 317 805-7630   FAX (A/C, No): 317 805-7515 |
| | E-MAIL ADDRESS: marty.prevost@mjinsurance.com |
| | INSURER(S) AFFORDING COVERAGE   NAIC # |
| INSURED Ventura Logistics, Inc. Augusta Equipment Leasing, LLC PO Box 78008 Indianapolis, IN 46208 | INSURER A: Harleysville Worcester Ins   26182 |
| | INSURER B: State Automobile Mutual Ins   25135 |
| | INSURER C: |
| | INSURER D: |
| OC372-28 2 436 | INSURER E: |
| | INSURER F: |

| COVERAGES | CERTIFICATE NUMBER: | REVISION NUMBER: |
|---|---|---|

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS

| INSR LTR | TYPE OF INSURANCE | ADDL INSR | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | GENERAL LIABILITY | | | MPA00000024007B | 11/01/2013 | 11/01/2014 | EACH OCCURRENCE | $1,000,000 |
| | X COMMERCIAL GENERAL LIABILITY | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $500,000 |
| | CLAIMS-MADE X OCCUR | | | | | | MED EXP (Any one person) | $15,000 |
| | | | | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | | | GENERAL AGGREGATE | $2,000,000 |
| | POLICY PRO-JECT LOC | | | | | | PRODUCTS - COMP/OP AGG | $2,000,000 |
| B | AUTOMOBILE LIABILITY | | | BAP233695702 | 05/01/2014 | 05/01/2015 | COMBINED SINGLE LIMIT (Ea accident) | $1,000,000 |
| | ANY AUTO | | | | | | BODILY INJURY (Per person) | $ |
| | X ALL OWNED AUTOS SCHEDULED AUTOS | | | | | | BODILY INJURY (Per accident) | $ |
| | X HIRED AUTOS X NON-OWNED AUTOS | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | UMBRELLA LIAB OCCUR | | | | | | EACH OCCURRENCE | $ |
| | EXCESS LIAB CLAIMS-MADE | | | | | | AGGREGATE | $ |
| | DED RETENTION $ | | | | | | | |
| | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY Y/N ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH) If yes, describe under DESCRIPTION OF OPERATIONS below | N/A | | | | | WC STATU-TORY LIMITS   OTHER | |
| | | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| B | TRUCKERS PHYSICAL DAMAGE | | | BAP233695702 | 05/01/2014 | 05/01/2015 | COMP/COLL | |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (Attach ACORD 101, Additional Remarks Schedule, if more space is required)

The Certificate Holder and others as defined in the written agreement and the Auto Liability and Physical Damage coverage add'tional Insured-Lessor and Loss Payee Endorsement CA2001 03 06 are included as additional insured-lessor and loss payee subject to the terms, conditions and exclusions on the policy.

COMP/COLL DEDUCTIBLE: $2,500
(See Attached Descriptions)

# EXHIBIT C

**Ryder Truck Rental Inc**                        8/28/2015                             Page 1


*Together, We're Going Places*

Ryder Truck Rental, Inc.
6000 Windward Parkway
Alpharetta, GA  30005

August 28, 2015

State Auto Insurance Co
518 E Broad Street
Columbus, OH  43215

| Invoice Date | Invoice Number | Invoice Amount |
|---|---|---|
| 01/30/15 | 3090485366 | $   80,164.70 |
| Total | | $   80,164.70 |

 Ryder®

# Invoice

January 30, 2015

*Page 1*



3090-035699
VENTURE LOGISTICS INC
ACCOUNTS PAYABLE
1101 HARDING CT
INDIANAPOLIS, IN. 46217-9531

| | |
|---|---|
| **Invoice number:** | **485366** |
| Customer number: | 00716-282868 |
| District number: | 3090 |
| NASHVILLE | |

YOU CAN GO GREEN
RIGHT NOW.... GET
PAPERLESS INVOICES
AT RYDER.COM/INVOICE

## Payment due    02/09/15

*Remit to:*
*Ryder Transportation Services*
*P.O. BOX 96723*
*Chicago, IL. 60693-6723*
*Phone: 800-947-9337*
*Please indicate the invoice number 485366 on your remittance*

**Total due      $84,264.70**

## Summary of charges

| | Vehicle | Other* | Total |
|---|---|---|---|
| **Tractors** | 449161 | 84,264.70 | 84,264.70 |
| | Tractor total | 84,264.70 | 84,264.70 |
| | **Total charges** | 84,264.70 | **$84,264.70** |

\* Other may include accident charges, service and repairs, accessory charges, customer vehicle fuel, miscellaneous charges, credits, interstate fuel tax and estimated fuel

Parts, labor and outside services are billed per Ryder's current physical damage procedures.

## News from Ryder

Please send all non payment and address change information to:
Ryder Shared Service Center - Customer Care
6000 Windward Parkway
Alpharetta, Ga 30005

Ryder reports monthly to several credit reporting agencies.
Thank you for your business.

VENTURE LOGISTICS INC
January 30, 2015

Page      3
Invoice   485366
District  3090

## 449161   TACS PREMIUM/CONDO


Service

### Reference - Accident

Accident number:      000140066
Accident date:        05/23/14

Physical damage deductible                                84,264.70

*To invoice you for rental unit 449161 that caught fire and burned
on 05/23/14.
00395 939-00 rpm*

Total accident charges                                   $84,264.70

Total vehicle charge                                     $84,264.70

## *Thank you for doing business with Ryder!*

# Exhibit C

3/23/2016 1:32:59 AM

Velva L. Price
District Clerk
Travis County
D-1-GN-16-001023
Terri Juarez

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-16-001023**

RYDER TRUCK RENTAL, INC.

, Plaintiff

vs.

STATE AUTOMOBILE MUTUAL INSURANCE COMPANY A/K/A STATE AUTO INSURANCE COMPANIES

, Defendant

TO:  STATE AUTOMOBILE MUTUAL INSURANCE COMPANY A/K/A STATE AUTO INSURANCE COMPANIES
5918 WEST COURTYARD DRIVE, SUITE 100
AUSTIN, TEXAS 78730

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on MARCH 9, 2016 in the 200TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, March 10, 2016.

REQUESTED BY:
D STROTHER MACON
2290 RICHMOND AVE., SUITE 213
HOUSTON, TX 77098
BUSINESS PHONE:(713)557-9238
FAX:

**Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX  78701**

PREPARED BY: RUBIO MARCO

-- - -- - -- - -- - -- - **R E T U R N** -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock _____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock _____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION

accompanying pleading, having first attached such copy of such citation to such copy of pleading

and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Sheriff / Constable / Authorized Person

By: SEE ATTACHED AFFIDAVIT
_____

Printed Name of Server

_____
Notary Public, THE STATE OF TEXAS

_____ County, Texas

D-1-GN-16-001023

☐ Original          ☐ Service Copy

SERVICE FEE NOT PAID

P01 - 000038503

## CAUSE NO. D-1-GN-16-001023

| | | |
|---|---|---|
| Ryder Truck Rental, Inc. | § | IN THE DISTRICT COURT AT LAW |
| | § | |
| Plaintiff, | § | |
| VS. | § | OF TRAVIS COUNTY, TEXAS |
| | § | |
| State Automobile Mutual Insurance Company aka | § | |
| State Auto Insurance Companies | | |
| Defendant. | § | 200TH JUDICIAL DISTRICT |

### AFFIDAVIT OF SERVICE

On this day personally appeared Corrina Hart who, being me duly sworn, deposed and said:

"The following came to hand on MARCH 16, 2016 AT 4:00 PM,

**D-1-GN-16-001023 PETITION.PDF, D-1-GN-16-001023 CITATION.PDF,**

and was executed at 211 E. 7th St. #620, Austin, TX 78701 within the county of TRAVIS at 10:55 AM on Thu, Mar 17 2016, by delivering a true copy to the within named

**STATE AUTOMOBILE MUTUAL INSURANCE COMPANY AKA STATE AUTO INSURANCE COMPANIES BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM**

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

_____

Corrina Hart
SCH10838 EXP 03/31/2017

BEFORE ME, a Notary Public, on this day personally appeared Corrina Hart, known to me to be the person whose name is subscribed to the foregoing document and, being me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON   03/17/2016

_____

Notary Public, State of Texas



JOHN HORN
My Commission Expires
August 22, 2016

# Exhibit D

4/8/2016 4:55:50 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-16-001023
Jonathan Sanders

CAUSE NO. D-1-GN-16-001023

| | | |
|---|---|---|
| RYDER TRUCK RENTAL, INC. | § | IN THE DISTRICT COURT |
|    Plaintiff, | § | |
| | § | |
| v. | § | 200th JUDICIAL DISTRICT |
| | § | |
| STATE AUTOMOBILE MUTUAL | § | |
| INSURANCE COMPANY AKA STATE | § | |
| AUTO INSURANCE COMPANIES | § | TRAVIS COUNTY, TEXAS |

## ORIGINAL ANSWER OF DEFENDANT STATE AUTOMOBILE MUTUAL INSURANCE COMPANY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW State Automobile Mutual Insurance Company ("Defendant"), Defendant in the above referenced and numbered cause, and files its Original Answer to Plaintiff's Original Petition, and in support thereof, would respectfully show the Court as follows:

### I.
### GENERAL DENIAL

Defendant hereby enters a general denial, as is permitted by Rule 92 of the Texas Rules of Civil Procedure, and requests that Plaintiff be required to prove, by a preponderance of the evidence, the charges and allegations which Plaintiff has made against Defendant, as is required by the law and the Constitution of the State of Texas.

### II.
### SPECIFIC DENIALS

Defendant expressly denies that Plaintiff has complied with all conditions precedent for the bringing of this action as contained in the policy of insurance sued upon.

## III.
## AFFIRMATIVE DEFENSES

Defendant further states by way of affirmative defense, if such be necessary, the terms and conditions of the policy.

Defendant further states by way of affirmative defense, if such be necessary, that Defendant did not breach the insurance contract.

Defendant further states by way of affirmative defense, if such be necessary, Defendant is not liable to Plaintiff because the conditions precedent for recovery under the subject policy have not been satisfied.

## IV.
## JURY DEMAND

Defendant hereby demands a trial by jury.

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, for all of the reasons set forth above, Defendant prays that:

1.    It be dismissed from this action and discharged from all liability to Plaintiff;

2.    It recover its costs of Court expended in its behalf; and

3.    For such other and further relief to which it may be justly entitled.

Respectfully submitted,

**NAMAN HOWELL SMITH & LEE, PLLC**

/s/ Charles B. Mitchell, Jr.
CHARLES B. MITCHELL, JR.
State Bar No. 14207000
Federal ID No.: 16627
LINDSAY P. DANIEL
State Bar No. 24082894
405 Fort Worth Club Building
306 West 7th Street
Fort Worth, Texas 76102-4911
Telephone: (817) 509-2040
Facsimile: (817) 509-2060
Email: Charles.mitchell@namanhowell.com
Email: LDaniel@namanhowell.com

**ATTORNEYS FOR DEFENDANT
STATE AUTOMOBILE MUTUAL
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing was served upon all counsel of record in accordance with the Texas Rules of Civil Procedure, on the 8th day of April, 2016.

*Via E-Service*
Macon D. Strother
The Strother Law Firm
2990 Richmond Ave., Suite 213
Houston, TX 77098
mstrother@strotherlawfirm.com

/s/ Charles B. Mitchell, Jr.
CHARLES B. MITCHELL, JR.